Oh, hi. Your face seems to be familiar somehow. I hope I'm not this court's bad penny. May it please the court, counsel. Daniel Hillis for the Federal Public Defender's Office, and this time for Julius Peterson. He raises but two issues, and the first is the sophisticated means enhancement. While the facts are reviewed for clear air, application of the guideline is reviewed de novo, and so we take issue with the government's assertion of the standard of review being for clear air. It is not. We've traced to the court's history on this subject, and I hope that it's been convincing to the court that the government's position is wrong in light of the cases we cited, and also to say how do we have one guideline that's reviewed for clear air and all the other guidelines as a legal matter are reviewed de novo. That disconnect cannot be possible under the guidelines, under the whole framework that we have in So the standard of review on the legal question is de novo. On to the merits, then. The enhancement only applies when conduct is notably more intricate than a garden variety offense. The level of planning and cons... Okay. Let's talk about it, because the enhancement here applies to conduct such as hiding transactions through corporate shells, and applies where the conduct displays a greater level of planning or concealment than a typical fraud of its kind. Why isn't that met where a straw person was used to issue the cashier's check, and the identity of that person was misrepresented as being an aunt providing a gift, and where the kickback was funneled through the business to avoid connecting it to the buyer? Sounds pretty sophisticated to me. Well, Your Honor, I'll repost with the government's brief where it says at page 20 that it doesn't dispute the defendant might commonly provide a buyer's down payment and pay a kickback in mortgage fraud schemes. So this seems like the garden variety fraud. The government says that the way that this was done makes it more atypical, but there aren't judicial determinations to show one fraud being garden variety, the other fraud being notably more intricate. We only have the government's interpretation and its assertions through its pleadings. We don't have findings by the district court, which are, of course, essential for correct application of the guideline enhancement. So I think that's a fundamental problem, Your Honor. If there had been findings, if there had been a statement by the judge, this is the typical fraud, this is how it's done, here's this case, this is notably more intricate for the following reasons, then we would be in a different position. We may not be making this argument, but that's not what happened. And the PSR essentially just adopted the government's version of the offense, so that doesn't get us very far either by way of making the necessary determinations to correctly apply the enhancement, Your Honor. So those are the essential problems about it. The government views this as sophisticated, that's fine, but it needed to prove that and then the district court needed to make the necessary findings. Because that didn't happen, a remand is required here. And again, this is a single transaction. It's not shell corporations, it's not an ongoing thing that we're looking at. So this is a fraud, but it's not the sort that we're seeing in other cases. And even when they point to the Fifth Circuit case that they do, I think it's the Wright case, I think Wright used the wrong standard. Because Wright, as I recall it, said that the defendant's conduct made it more difficult to detect. That's fine, but that doesn't mean it's notably more intricate than the garden variety offense. So I don't think that Wright is a correct statement of law, and it would not be something that this court should follow. Wright is wrong. Beg your pardon? Wright is wrong. In this case, Wright is wrong, Your Honor. Exactly. And for that matter, the district court's wrong. I will lump them all together. Moving on then to the supervised release conditions, I know the government filed a 28J letter, we filed a 28J letter, I hope the court has had a chance to review those. But what I'd like to say on this is that circuit precedents such as Thompson, statutory authorities such as 3553C require the district court to state in open court reasons for a sentence. That didn't happen here. Supervised release conditions are part of sentence. Since the district court never stated reasons for the supervised release conditions in open court, we can look to Thompson, we can look to the statute, 3553C, to say the conditions are invalid. Other than a brief mention in your reply brief, you didn't recite those conditions, nor do you argue why each one wasn't supported by the court's 3553 analysis for the term of imprisonment. In our opening brief, we said that the failure to provide the statements in open court made the conditions invalid. And then in response to the government's brief, when we filed our reply, and I take a minute to get to the page where we took issue with that, Your Honor, but the analysis in the opening brief is pages 15 and 16, and we say that the judge did not provide any justification for the conditions at page 16, and we had previously cited the governing authority. So it was only when the government took issue with the particular conditions that we went into additional detail in the reply brief to say... You know, you merely refer generally to the 11 discretionary supervised release conditions. I had to read the PSR to even know the substance of those challenge conditions. Your Honor, we're taking a global approach because of the lack of stated reasons that was required by 3553C to say they are all invalid no matter what they are. They were listed in the judgment, and I didn't go into detail with them because, again, we're taking a global position about the lack of necessary explanation by way of statute in this court's Thompson case. Only when the government took specific issue in its response brief did we then address some of the particular conditions, but the argument that we have does remain this. The court, by not stating the necessary reasons, didn't comply with the statute and didn't comply with this court's Thompson decision, and therefore the conditions are invalid. What's the harm, I guess, is another question. Yeah, any... Just the error. Sure. The conditions, all 11 conditions, aren't justified in this case, nor are they required. So there's a complete ban on drinking, for instance. Every sentence should be adequately explained, reasons given so this court can engage in meaningful appellate review. When you summarily adopt boilerplate language from a PSR, a list of conditions that somebody can go back into prison for if they violate, we think that's a problem. So state what the reasons are, and then when you have a statement of reasons, you can then look and say, why is this condition necessary in this case? And you look at something like the alcohol condition, and the alcohol condition is there, but there's nothing to say my client was under the influence when he committed any bad acts or made any bad decisions, or that I don't even think he has a drinking problem. So why does he have this limitation? Why shouldn't he be able to freely travel? Why do we have all these things? Some judges are paring down the list, some are not. And in this case, the judge did not, but more problematically, he didn't give reasons for any of the conditions. And so that's the harm. I'd like my clients to live freely without the conditions. They live better lives that way. They don't risk going to prison for as many things. And if we have this, we're resorting back to this case, 2014, 2013, where all this was summarily done. We've made a lot of progress. We don't want to give that up now and return to what we think was a faulty procedure once upon a time. Did I answer your question, Your Honor? No. Okay. Nothing further. I reserve the balance of my time. Thank you. You may. Counsel? May it please the Court? Good morning, Your Honors. My name is Jason Yonan, and I'm appearing today on behalf of the United States. I'd like to start with the first issue the defendant raised in his brief, and that is the sophisticated means issue. The district court correctly applied the sophisticated means enhancement in sentencing. As this court's case law stated, the enhancement applies when the offense conduct was more sophisticated than the typical or garden variety offense. The purpose of the enhancement is to punish more severely offenses that have elaborate efforts to avoid detection. And that is exactly what this case was. The defendant's actions made it harder to detect the true source of the buyer's down payment, the fact that the defendant himself was the true source of the buyer's down payment, not the buyer. As you noted in our brief, the defendant recruited a third party, his friend, funneled money through that third party to make it appear that the third party, his friend, was giving a gift to the buyer for her down payment. In this transaction, he paid back his friend, and he also paid a kickback to the buyer. But he didn't pay that kickback to the buyer individually. He made it to a corporation that the buyer controlled. And that check was deposited into an account that had little activity in it, which suggested that this was not a company that operated in the normal course of business. Those facts were more than enough for the district court to impose the enhancement in this case. It established that this was more sophisticated than a garden variety offense. Now, in response to counsel's argument that the district court didn't make sufficient findings, the district court said exactly what it needed to say. It heard the argument that it needed to hear. It heard from both sides, argument on both sides. The facts themselves were not in dispute, and the district court agreed with the probation officer and with the government that the facts rose to the level of sophistication. The district court did not need to make a finding that what a garden variety offense was and how this case compared to it. That's not what's required of the district court under this court's case law. Turning to the issue of supervised release, the district court committed no procedural error at the sentencing when it imposed the 11 discretionary conditions. The defendant was given advance notice of the proposed conditions when the PSR was released well in advance of the sentencing. The reasons for those 11... Is there any indication that the district court gave any thought in imposing the discretionary conditions here? How can the rote adaptation or adoption, I should say, of a PSR, which contains merely boilerplate language, unconnected to the specific discretionary conditions imposed, be enough to provide an explanation of a sentence? Well, but there's all sorts of other issues in a case that the judge doesn't necessarily rule on at the time of sentencing unless it's objected to. And let me give you the example of the loss amount. The defendant didn't object to the loss amount at the sentencing. The district court adopted the PSR and the loss amount that was contained in the sentencing. The district court was addressing the issues that was being presented to it, both in the sentencing filings and at the course of the sentencing hearing. And the district court at the sentencing asked, after it made a finding as to sophisticated means, is there anything else that you object to? And the defense counsel said, no, they didn't object to anything else. So at that point, absent any objection, the district court adopted the PSR, including the 11 proposed conditions that were contained in there. He adopted the reasons for those conditions and that was a sufficient procedure for the district court to follow in this case when it was never objected to at any point either before or at the sentencing hearing. So, unless the court has further questions, I'll end by asking you to affirm the defendant's sentence in this case. Thank you. I think we'd be on thin ice if we were to try to argue that we didn't have a waiver problem if after the district court said to us of supervised release conditions, anything else, do you want additional explanation about why I'm giving the conditions of supervised release? Much like the judge took a moment to do at the sentencing for the sophisticated means, then we'd have a problem. But what did the district court do by parallel to show, I've given an explanation, it's adequate or inadequate, would you like further amplification of my reasons? Nothing. And then the judge gave no reasons as we said, and the government didn't give an explanation of how what happened here satisfies 3553C, and that of course is the root issue on the supervised release challenge. That's the argument, and the government hasn't shown us how the judge satisfied that or why 3553C somehow doesn't apply at sentencing for the statement of reasons necessary in open court to justify the sentence given, including the conditions of supervision. And then lastly, the judge does have to make a statement of what facts support the enhancement and how it is different from the garden variety offense in order for this court to engage in meaningful review. There have to be judicial determinations. The guidelines require findings to support the enhancement. That wasn't done. It wasn't done adequately, and we have, again, nothing that we can cite to by way of judicial determinations to support the enhancement that makes the enhancement improper. So we as additional questions, I have nothing further. Thank you, counsel. Thanks to both counsels. The case will be taken into revisement.